U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUN 16 2015
TONY R. MOORE, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ABE JYLES** | **DOCKET NO. 1:15-CV-571; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se Petitioner Abe Jyles filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. Petitioner attacks his 2008 sentence as a repeat offender imposed in the United States District Court for the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History and Allegations*

Abe Jyles was convicted pursuant to a plea agreement and sentenced in the Eastern District of Louisiana on July 24, 2008 to a minimum 20-year sentence for distributing 50 grams or more of cocaine base as a repeat offender under 21 U.S.C. §841(b)(1)(A) and 851. See U.S. v. Jyles, 336 Fed.Appx. 465 (5th Cir. 2009). Petitioner appealed, asserting that the Government failed to prove its allegation that Jyles was previously convicted of possession of heroin. Id. The Government provided evidence that Jyles's

fingerprints matched those of the certified fingerprint card created by the New Orleans Police Department at the time of the heroin arrest and that the identifying information on both the fingerprint card and the arrest register for the offense corresponded to the information on the certified copy of the heroin conviction. Jyles even admitted that he was the person who was arrested for the heroin offense. Id. Nevertheless, Jyles denied that he was the person claiming to be Abe Jyles who pleaded guilty to the offense and was sentenced by the state court. He relied upon the existence of someone else's fingerprints on the reverse side of a copy of the arrest register for the heroin offense, as well as on the reverse side of an arrest register for a state cocaine offense in his name. He suggested that "someone else was willing to face the charges for him because 'someone other than this Abe Jyles chose to have his fingerprints put on the arrest registers for each of the crimes, and that using either aliases or another person's identity is common both when committing crimes or answering their commission.'" Id. The Fifth Circuit Court of Appeals found that the evidence was sufficient to establish Jyles's identity as the subject of the prior heroin conviction, and it rejected Jyles's theory that errant fingerprints on copies of the arrest registers created reasonable doubt that he was convicted of the heroin offense. Id. The court concluded that the only reasonable inference from the presence of someone else's fingerprints on

Petitioner's arrest register was that a clerical error occurred, and not that someone other than Jyles showed up on a later date for his rearraignment and pleaded guilty in his place. See id. Thus, the conviction and sentence were affirmed.

Petitioner sought no further direct review in the United States Supreme Court, nor did he file a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court.

In the petition now before the Court, Jyles claims that his sentence is unconstitutional because he is not a repeat offender and is not the same Abe Jyles that was convicted of the underlying heroin offense - the same issue he raised on appeal.

*Law and Analysis*

A writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. Id. A petition filed under §2241 that attacks errors that occurred at trial or sentencing should be dismissed or construed as a §2255 motion. See id. at 877-78.

Although 28 U.S.C. §2255 is the primary means under which a federal prisoner may collaterally attack the legality of his

conviction or sentence, §2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 "savings clause." See Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010); citing Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

> The "savings clause" states:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fifth Circuit has interpreted §2255(e) to mean that there are three "factors that must be satisfied for a petitioner to file a §2241 petition in connection with §2255's savings clause." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Reyes-Requena, 243 F.3d 893). They are: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first §2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. See Garland, 615 F.3d at 394, citing Reyes-Requena, 243 F.3d at 904 and Christopher v. Miles, 342 F.3d

378, 382 (5th Cir. 2003). Petitioner meets none of the above factors.

Section §2241 is not a mere substitute for §2255 and the inadequacy or inefficacy requirement is stringent. See Pack v. Yusuff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances"). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id. Although Jyles filed this petition under 28 U.S.C. §2241, he challenges the validity of his federal sentence. Such a claim is properly raised in a motion under §2255. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (finding that although Petitioner characterized his claim as a challenge to the legality of his detention under §2241, he was actually challenging the manner in which his sentence was determined and the claim thus had to be raised in a motion under §2255). Petitioner's claim that §2255 is inadequate or ineffective because "this relates to an old prior conviction that is illegal and unconsitutional infirm - yet it was used to enhance my sentence whereas conviction is bogus" does not meet the stringent test established by the Fifth Circuit.

To the extent that Petitioner's claim could be construed as a motion under §2255, this Court would be without jurisdiction to do so. First, Petitioner was sentenced in the United States District Court for the Easter District of Louisiana, not within this

judicial district. See <u>Ojo v. Immigration and Naturalization Service</u>, 106 F.3d 680, 683 (5th Cir. 1997)("Although a §2241 petition attacking matters within the province of §2255 should be construed as a §2255 petition, ... a court without jurisdiction to hear a §2255 petition can hardly be expected to do that.").

To the extent that Petitioner claims that he is "actually innocent" his claim also fails because "actual innocence" for §2241 purposes can be shown only by proof that, based upon a retroactively applicable Supreme Court decision, a petitioner was convicted for conduct that did not constitute a crime. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 831 (5th Cir. 2001).

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Jyles's Petition for Writ of Habeas Corpus be **DENIED and DISMISSED**.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 16th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE